CAUSE NO. 1137063-A

IN THE COURT OF CRIMINAL
APPEALS OF TEXAS, AUSTIN

42,816-01

EX PARTE

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 21 2015

Abel Acosta, Clerk

CARLOS C. VELASQUEZ

Re: Applicant's Supplemental Answer In Opposition To States Preposed Findings of Fact and order Recommending Relief Be Denied

Dear Ms./Mrs. Abel Costa, Clerk - Enclosed Please Find:

This Correspondence is to advise you of applicant's response to the trial Court's order recommending that relief be denied. Also, please be advised that applicant is unable to forward a copy to the active party at this time due to the unit being on lock-down, whereas, he has no access to a copy machine nor the supplies to make one. Therefore, applicant humbly request that a copy be furnished to the party, thereby, without causing unintended delay or the general functioning of the Court's hourly scheduling.

Your assistance in this matter is highly appreciated. Please file this document with other(s) for presentation to the Honorable Judges of the Court of Criminal Appeals.

Thank You.

Encloser: Applicant's Supplemental Answer IN Opposition To states Preposed Findings of Fact and order Recommending Relief be Denied / Affidavit

Date: 1-13-15

Sincerely,
Carlos Velasquez
Applicant-Pro-se

NO. 1137063-A

EX PARTE

§ IN THE COURT OF CRIMINAL
§ APPEALS
§ AUSTIN, TEXAS

CARLOS C. VELASQUEZ
   Applicant

APPLICANT'S SUPPLEMENTAL ANSWER IN OPPOSITION
TO STATE'S PROPOSED FINDINGS OF FACT AND
ORDER RECOMMENDING RELIEF BE DENIED

TO THE HONORABLE JUDGE(S) OF THE COURT OF CRIMINAL
APPEALS:

Upon reviewing the state's original Answer, the Affidavit of trial Counsel, the Waiver form attatched, Filed in cause number 1137063-A, and the State's Proposed Findings of Fact; applicant presents the Court with his supplemental Answer in opposition to the denial of relief in his instant application with memorandum in support, and insist that there are controverted, previously unresolved issues of Fact, material to the legality of applicant's confinement, that requires an evidentiary hearing. The court should recommend that the writ be held in abeyance pending a hearing to resolve issues pretaining to facts alleged in writ, if true, may entitled him to relief.

The Court should find in the official court records, the habeas records, evidence that existed which in cause number 1137063 demonstrates that:

# FINDINGS OF FACT

## Denial of instruction-Error

1. The trial court erred by failing to include the lesser-included offense intruction in the jury charge after a properly filed motion existed. (6 R.R. 43-45).

2. After receiving an adverse ruling from trial court on motions the issue rested with trial counsel in specifying as to what manner the evidence differ from the offense charged. Article 37.09(3) of the code of criminal procedure.

3. The issue is properly considered on habeas, where the state is unable to point out any reason why the claim isn't subject to the principle of law under Royster V. State, 622 S.W. 2d 442 (Tex. Crim. App. 1981) and Rousseau V. State, 855 S.W. 2d 666, 672 (Tex. Crim. App. 1993); nor does it cite any authority to the contrary; where such claim subjected to the twoprong test of the cases above isn't cognizeable on habeas, in resolving the issue.

4. The record at trial tends to show that applicant along with one relative and companions were at a bar having drinks on the date in question. While inside the T.V. broadcasted a soccer game in which everyone watched. In the meantime, applicant was at counter ordering more drinks when the deceased along with other companions entered bar. Then at some point in time an argument arosed between applicant's relative and deceased, followed by an altercation where the two got into a shoving

2.

match at which time applicant left bar to break up the alter-cation. In doing so, the deceased became angered once applicant had intervene and became aggressive towards applicant which erupted in a pushing and shuving match between the two also. Then, within minutes Security had arrived and seperated each group along with applicant and deceased by escorting applicant out of bar First, then, Simultaneously, escorting de-ceased out. Then, as applicant opened Car door to his vehicle which had been parked in the very Front of the exit door of the bar, the deceased shouted out obsenity language at applicant while at very Same time motioning towards applicant's vehicle; and in an instant applicant retreived a Firearm that was kepted in Car, then Fired it Uncon-trollably hitting building along with deceased, Causing his death.

5. Based upon these facts, the applicant did Filed a proper motion requesting an instruction OF manslaugther, aggravated assault, and deadly Conduct. See (6 R.R. 44-45). However, it was not reluctant of applicant in having pointed out which of the three requested instruction the Jury may have accepted. Since each offense is a lesser-included offense of murder. Tex. Penal Code Ann. § 19.02 (West 2010)

6. In fact, applicant addressed the issue in his Memorandum in support of the writ. where he was entitled to a lesser-included instruction of deadly Conduct, Since the trial record Contained evidence of an exhibit the state

3.

used to meet its burden of proving an intentional murder. On the contrary, the evidence consist of several bullet-holes discovered in the area counter clockwise from the deceased in the boarding of the building. Moreso, there was never any question during trial by counsel or the State, in regards to how the shots had been fired, nor any testimony in this regard as to the range in which applicant fired shots in determining whether applicant fired shots directly at deceased, or recklessly, and at very same time hitting deceased causing his death. Woodfox V. State, 742 S.W. 2d 408, 410 (Tex. Crim. App. 1987) (a defendant in a criminal prosecution has the right to a jury instruction on any defensive issue that is raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence).

7. Therefore, the State's position on counsel's action in regards to moving for an instruction for a lesser-included offense or that the trial court would have granted it, is misplaced. Whereas, such an issue is drawn towards defense counsel's representation of the case, thereby, such issue has no adequate remedy at law, since the trial court ultimately denied the motion(s) in the first instance. Goodspeed V. State, 187 S.W. 3d 390, 392 (Tex. Crim. App. 2005). This means that unless there is a record sufficient

4.

to demonstrate that Counsel's failure to move for an instruction for a lesser-included offense in knowing whether the trial court may have granted it, insofar as the outcome of the case would have been different, is an understatement into the performance of Counsel being Constitutionally adequate. Strickland v. Washington, 466 U.S. 668, 689 (1984). Therefore, since the State points to nothing in the record that would even question, at the very least, that the judge would have considered granting an instruction for a lesser-included offense towards any of the three requested instruction, applicant shouldn't be required to show such. Mata v. State, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007) ("The lack of a clear record usually will prevent the appellant from meeting the first part of the Strickland test, as the reasonableness of Counsel's choices and motivations during trial can be proven deficient only through facts that do not normally appear in the appellate record. Thus, it is therefore, not sufficient that an applicant be required to show, without the benefit of hindsight, that Counsel's actions or ommission during trial would have led to a change in the outcome of the case is reasonably of questionable competence, on the part of the applicant.

8. Finally, with regard to State's position on voluntary intoxication not Constituting a defense to the Commission of the Crime under Tex. Penal. Code § 8.04(a); the State is absolutely Correct in this sense, but, however, applicant addressed the issue in his memorandum

in Considering the fact that prior to the shooting, applicant had Consumed several drinks, and including the testimony of the bartender along with the State's exhibit; the Culpable mental state of applicant arises in regards to an essential element of the offense. Tex. Pen. Code § 6.03 (C). Therefore, the applicant is only required to point out evidence in the record, that would support the necessities of alleging the accompanied mental state in support of the lesser-included offense "namely Deadly Conduct" which is a lesser-included offense of murder where a less Culpable mental State is shown. Turner V. State, 600 S.W. 2d 927, 929 (Tex. Crim. App. 1980) (The Court has Consistently held that Knowledge and intent Can be inferred from Conduct of, remarks by and circumstances surrounding the acts engaged in by the accused....).

9. Futhermore, under the plain language of the statute, once Applicant File an instant application under the Criminal Cause number, the applicant must meet his burden of alleging facts, which if true, would entitle him to relief. Ex parte Maldonado 688 S.W. 2d 114, 116 (Tex. Crim. App. 1985). Moreover, the record revealed that a properly Filed motion requesting the instruction on the lesser-included offense(s) had been denied by the trial Court. (6 R. R. 44-45). In addition, applicant could not be cited for any procedural infirmities during the appellate Stage of the process, where he was neglected of the opportunity to do so and has pointed to facts in record which prove that applicant was induced in signing a faulty affidavit of waiver form by Counsel. Ex parte Adams, 768 S.W. 2d 281, 287 (Tex. Crim. App. 1989) (The burden for proving an alleged ground

6.

For relief is a preponderance of evidence. The reviewing Court finds that applicant seeked the required remedy at law to have the merits of his claim considered in a writ of habeas corpus. Ex parte Emmons, 660 S.W.2d 106 (Cr. App. 1983). Moreover, the court also finds that a challenge to a jury instruction on habeas is proper, when the issue raises errors that are suceptible to legal analysis-how counsel requested instruction, was the trial court correct in its ruling, which instruction permits the court to act on, and which one means an offer of proof that actually existed. Ex parte Tuley, 109 S.W.3d 388, 392 (Tex.Crim.App.2002). Therefore, the charge error constitutes a challenge to the validity of applicant's confinement and is in all sense cognizable on habeas. Ex parte Staley, 16 S.W.3d 56, 64 (Tex.Crim.App. 2005).

The applicant is entitled to relief sought in the instant application.

## INEffectiveness of Counsel

1. The affidavit of trial counsel is a heavy contested issue in the instant application. Upon review of counsel's affidavit, the court finds that the point at which applicant's right to an appeal existed, and, perhaps, not beyond the convicting court's standpoint; applicant's right to an appeal had little or no protection.

The record reflects that on September 23, 2008, Counsel

7.

made mention to applicant that he was entitled to appeal his case. The critical issue here is whether Counsel limited his obligation in giving applicant a thourough explaination of his right to appeal, and any available options he see's necessary if applicant wishes to do so. In addition, counsel's affidavit points to nothing that considered that applicant's responded under the guise that he needed time to think this over, in order for counsel to respond in the affirmitive that he would visit applicant again in case applicant may change his mind. Seemingly, if applicant had responded in the event that he wish not to appeal his case, and that he was very happy with his sentence, such response indicated that applicant was at this point waiving his right to appeal. Meaning, there was no need for counsel to drive to the Garza West Unit in Beeviille, Texas of the Texas Department of Criminal Justice, some hundreds of miles to inform applicant "this time" of his right to appeal his conviction if he throughly explained the right to him on the date of the conviction which was September 23, 2008. See Mata v. State, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007) ("The lack of a clear record usually will prevent the appellant from meeting the first prong of the Strickland test, as the reasonableness of Counsel's choices and motivations.... Can be proven deficient only through facts that do not normally appear in the ... record. It is not sufficient that.... with the benefit of hindsight, one show that his Counsel's actions or ommissons... were merely of questionable competence.").

8.

2. Likewise, although its possible that applicant had been advised of his right to appeal his case by counsel, the fact that this alone cannot operate as an understanding of that right without sufficient awareness of relevant circumstances and likely consequences for waiving an important right; means that applicant understands wholly all the possible collateral consequences flowing from the waiver. Herein, the fact that counsel alleged that applicant expressed to him that he understood his right at a later stage instead of at the very begining, where he fail to mention that he ever explained to applicant the right, given the assumption that applicant stated to counsel that he was very happy with the sentence, raises questions into the confidential communication counsel had with applicant prior to the conversation being held at the Garza Unit. State V. Morales, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008). In sum, applicant applicant can only point to Counsel's advice to be erroneous, given the fact that he could not have desire to waive his right to appeal without first being given the understanding of the technical legal effects drawn from the waiver. Strickland V. Washington, 466 U.S. 668, 695-96 (1984) (the governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from Counsel's errors).

## CONCLUSION OF LAW

3. As this court should recognize, the technical legal effects could be found in the State's original Answer along with its response in the foregoing proposed Findings of Fact that the applicant should be procedurally barred from raising claims which was not raised on direct appeal as an adequate remedy at law. Citing Ex parte Banks, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989); Ex parte Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). Nonetheless, with respect to the right of the applicant

in perfecting his appeal, the waiver form that was later presented to applicant to sign, conflicts with counsel's affidavit where the waiver form purports that applicant was given a thorough explanation of his appellate rights at the Garza West Unit on October 22, 2008, some 29 days leading up to the deadline which is 30 days. Thus, in nature, had applicant so choosed to file an appeal, would counsel have been in a position to do so, given the fact that such would have left him with one day in which to file the appeal. See Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (a reviewing court should presume that trial counsel's performance was constitutionally adequate "unless the challenged conduct was so outrageous that no competent attorney would have engaged in it."). Strickland v. Washington, 466 U.S. 688, 687-89 (1984). Even moreso, the nature in which counsel held the waiver (5 yrs.) without the trial court being aware of it up until the filing of the writ application, then, ~~the~~ the designating the issue by state in order for counsel to file his affidavit, contesting the challenged complained of issue; demonstrates that such conduct was not within the range of competence demanded of attorney's in criminal cases. In compairing the Bates stamped affidavit of counsel along with the waiver form attached, each has a date stamped June 14, 2013, meaning both were filed on the same date. Should this be accepted by the court as a properly filed notice to the court where the right to appeal is determined an protected. See Ex parte Empey, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988) ("sworn allegations are not alone sufficient proff.").

4.   Therefore, the court may act upon the validity of

the waiver form, wherein, the validity the manner in which the counsel failed to present court with notice of form, after upon which applicant had signed it; raises questions as to whether such could be found to be valid under both Federal and state law. See Bowie V. State, 135 S.W. 3d 55, 63 (Tex. Crim. App. 2004). Most impartantly, the question is whether the State's court's decision - that applicant afforded counsel sufficient to protect his right relating to his appeal was adequate; considering evidence contained in the habeas record to be probative of an evidentiary hearing. See Woods V. Cockrell, 307 F. 3d 353, 357 (5th Cir. 2002) (a statement of a legal conclusion without a serious attempt to argue or substantiate the issue, is a waiver or abandonment of the issue). In the instant case, the state never contested to the validity of the waiver form once pointed out in applicants Memorandum in support of application, thereby, the issue is of one found to be positive to the erroneous advice of counsel.

5. Nonetheless, this court is not bound by the trial court's findings in habeas corpus action, wheras, the findings are generally accepted if they are supported by the record. Ex parte Torres, 943 S.W. 2d 469, opinion after remand 951 S.W. 2d 6. Even more so, applicant request that the court read the affidavit of Ms. Delicia Rubio (sister of Applicant) which was filed on May 29, 2013 and notorized, then; served to the District clerk, Chris Daniel, of Harris, County, Texas on June 26, 2013; to be reliable, credible, and responsive to the issues raised in the instant writ application. The affidavit supports applicant's

allegation that Counsel provided applicant with the erroneous advice that he would receive a severer sentence if he appealed his case. Ex parte Maldonado 688 S.W.2d 114,116 (Tex Crim. App 1985). Likewise, the court can deduce the relevance to the affidavit regarding trial Counsel's advice to be one of reasonableness, in determining what would make a reasonable advice necessary or to afford applicant the available means of filing his appeal pro se; which is an alternative if he so chooses to file one without the assistance of Counsel. Nonetheless, applicant believes that further factual investigation is warranted to determine the merit, herein, to applicant's ineffective claim.

6. Applicant respectfully request that this Honorable Court grant applicant an evidentiary hearing, Ex parte Young, 418 S.W.2d at 826; that offers the applicant the opportunity for a full and fair State Court fact-finding of the sort also dictated by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 313-19, 83 S.Ct. 745 757-59, 9 L.Ed.2d 770 (1963). In light of the trial record and habeas record as a whole, the cases cited, applicant contends that he has validated his grounds set fort in his application and that relief sought should be granted.

Accordingly, its is recommended to the Texas court of Criminal Appeals that the requested habeas relief be granted.

CAUSE NO. 1137063-A

IN THE COURT OF CRIMINAL
APPEALS, AUSTIN TEXAS

EX PARTE

CARLOS C. VELASQUEZ

## AFFADAVIT

I, Carlos C. Velasquez, Texas Department Of Criminal Justice number 1529578, upon serving the Honorable Court Of Criminal Appeals with the original document Filed in the aboued Cause number, I wish to have the Said Answer Furnised to the Hon. Judge(s) Of the Court for resolution.

UNSWORN DECLARATION PURSUANT TO SECTIONS 132.001-132.003 OF THE TEXAS CIVIL PRACTICE AND REMIDIES CODE

"I, Carlos Velasquez; #1529578, being presently incarcerated in the Texas Department Of Criminal Justice Beto I Unit in Tennessee Colony, Texas, declare under penalty of perjury that the Foregoing Affidavit is true and Correct. Executed on January 13 , 2015."

Carlos C. Velasquez
#1529578
Beto I Unit
3391 FM 3328
Tennessee Colony, Texas 75880

13.